IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

v.                                                                      No. CR 09-2474 RB

GARFIELD WAYNE BERNARD and
JULIO ANTONIO CAMPBELL,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Garfield Wayne Bernard's Motion in Limine to Limit Testimony of DEA Special Agent Joseph Montoya, (Doc. 136), filed on November 21, 2011. Defendant Bernard requests an Order excluding or limiting the proposed testimony of DEA Special Agent Joseph Montoya, or in the alternative, requests a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). Having considered the arguments of counsel, record, relevant law, and being otherwise fully informed, the Court denies Defendant's Motion subject to certain caveats discussed herein.

**I.    Background.**

Defendant (Mr. Bernard) and his Co-Defendant, Julio Antonio Campbell, were arrested at the New Mexico Motor Transportation Division Port of Entry in Lordsburg, New Mexico, after a large load of marijuana was discovered in their tractor-trailer rig. The Indictment charges Defendants with (1) conspiracy to commit possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846, and possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and

aiding and abetting, in violation of 18 U.S.C. § 2.

On November 17 and 29, 2011, the Government filed a Notices of Expert Witness Testimony stating, *inter alia*, that Special Agent Montoya is expected to testify that a typical marijuana trafficking scheme "involves the coordinated efforts of several different people to include people that do the following: grow the marijuana, harvest the marijuana, package the marijuana, sell the marijuana, buy the marijuana, arrange for transportation of the marijuana, load the marijuana, transport the marijuana, unload the marijuana, and distribute the marijuana." (Docs. 131 and 144). Additionally, he is expected to testify that "the people involved in a marijuana trafficking scheme do not know each other because if one person is arrested, he will be unable to implicate anybody else involved." (Docs. 131 and 144).

Notably, the Government's Notices state that "Special Agent Montoya is also expected to testify that persons involved in transporting illegal drugs in vehicles do not typically travel with uninvolved occupants because of the risk involved in the unwitting occupant discovering the criminal activity." (*Id.*) The testimony will also describe how participants are paid in cash, the value of the marijuana in different parts of the United States, and how the value of the marijuana increases depending on how it is sold. (*Id.*) The Government states that Special Agent Montoya will "testify that truck drivers are commonly recruited to transport marijuana because it is possible to transport large quantities of marijuana in a commercial motor vehicle ("CMV") and to conceal boxes of marijuana behind boxes containing a legitimate load." (Docs. 131 and 144). " For instance, in a CMV trailer, it is possible, depending on what else is in the trailer, to transport more than a ton of marijuana." (*Id.*) Finally, the Government states the testimony will explain that cell phones are a common tool of the trade in marijuana trafficking schemes, and how drug trafficking organizations

may provide cell phones to transporters because the organizations know the cell phones are charged, paid, working, and reliable. (*Id.*)

Mr. Bernard contends that Special Agent Montoya's testimony should be excluded because (1) the notice does not adequately describe the basis for his expertise and testimony; (2) evidence concerning the duties of different individuals involved in a drug trafficking scheme and general business aspects is irrelevant and unfairly prejudicial; and (3) expert testimony opining that an accused acted in a manner consistent with the charged crime is forbidden by Fed. R. Evid. 704; (4) the proposed testimony would not be helpful to the jury; and (5) the probative value is substantially outweighed by the danger of unfair prejudice. (Doc. 136).

The Government responds that Special Agent Montoya's expert testimony is relevant, satisfies Rule 403, and comports with Rule 704(b). (Doc. 145). On November 29, 2011, the Government filed an Amended Notice of Expert Witness Testimony that includes additional information about Special Agent Montoya's education, training, and experience. (Doc. 144). The Court finds that this additional information adequately described the basis for Special Agent Montoya's expertise and testimony.

## II.   Discussion.

The Tenth Circuit allows law enforcement agents to provide expert testimony concerning the drug trade under Rule 702. *See, e.g., United States v. Quintana*, 70 F.3d 1167, 1170-71 (10th Cir. 1995) (meaning of drug code); *United States v. Sturmoski*, 971 F.2d 452, 459 (10th Cir. 1992) (tools of the drug trade); *United States v. McDonald*, 933 F.2d 1519, 1520-23 (10th Cir. 1991) (significance of quantity of cocaine, tools of drug trade, and use of food stamps to purchase crack cocaine); *United States v. Harris*, 903 F.2d 770, 775-76 (10th Cir. 1990) (drug records).

Accordingly, this Court generally allows law enforcement agents to testify as to the significance of drug quantity, the monetary value of drugs, and the workings of drug distribution organizations, but generally does not allow law enforcement agents to testify as to any conclusion that an individual qualifies as a participant in drug-related conduct.

The significance of this distinction is underscored by Federal Rule of Evidence 704, which provides:

> (a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.
>
> (b) No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

Fed. R. Evid. 704(b).

Notably, "Rule 704(b) only prevents experts from expressly stating the final conclusion or inference as to a defendant's actual mental state. The rule does not prevent the expert from testifying to facts or opinions from which the jury could conclude or infer the defendant had the requisite mental state." *United States v. Richard*, 969 F.2d 849, 854-55 (10th Cir. 1992). Accordingly, so long as Special Agent Montoya's testimony consists of facts or opinions from which the jury could conclude or infer that either Defendant had the requisite mental state to be guilty of a charged crime, and the testimony does not make such an inference or conclusion for the jury, his testimony would not violate Rule 704(b).

To be clear, Special Agent Montoya may testify as to the significance of the quantity of the marijuana, the value of the marijuana, and marijuana distribution organizations in general.

However, Special Agent Montoya may not make an inference or conclusion as to whether Mr. Bernard or Mr. Campbell had the requisite mental state to qualify as participants in a drug distribution organization or scheme. Specifically, the Government may not present testimony that persons involved in transporting illegal drugs in vehicles do not typically travel with uninvolved occupants will not be permitted because such testimony would constitute and inference regarding the mental state of a Defendant. Simply put, the expert testimony will not comment on the mental state of either Defendant.

Mr. Bernard also challenges the testimony of Special Agent Montoya under Federal Rule of Evidence 403. Rule 403 provides that relevant evidence may nonetheless be "excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury . . . ." Fed. R. Evid. 403. The Tenth Circuit has explained:

> Unfair prejudice in the Rule 403 context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. The district court has considerable discretion in performing the Rule 403 balancing test. However, exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly.

*United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001). So long as the expert testimony does not suggest Defendants' intent, no unfair prejudice is evident at this stage. This ruling may be revisited at trial, if necessary. Counsel for the Government is reminded to be vigilant that Special Agent Montoya's testimony does not stray from the scope of his expertise and usurp the role of the jury.

Mr. Bernard requests a *Daubert* hearing. In *Daubert*, the Supreme Court required district courts to perform a gatekeeping role to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. According to the

Government's notice, it does not intend to offer scientific evidence through Special Agent Montoya. Thus, a *Daubert* hearing is unnecessary. Mr. Bernard's Motion in Limine to Limit Expert Testimony of DEA Special Agent Joseph Montoya is denied, subject to the caveats discussed herein.

**THEREFORE,**

**IT IS SO ORDERED** that Defendant Garfield Bernard's Motion in Limine to Limit Testimony of DEA Special Agent Joseph Montoya (Doc. 136), filed on November 21, 2011, is **DENIED, SUBJECT TO THE CAVEATS DISCUSSED HEREIN.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**